UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

               Plaintiff,

    v.

VALERO ENERGY CORP., *et al.*,

               Defendants.

Case No. C26-395-BHS-MLP

REPORT AND RECOMMENDATION

Bar-order litigant John Demos has submitted to the Court for filing a proposed complaint, which he characterizes as a "False Claims Complaint, And Qui Tam Action." (Dkt. # 1.) He has not paid the filing fee or properly sought to proceed *in forma pauperis* ("IFP").[1] Regardless, the Court has reviewed the proposed complaint and finds this case should be dismissed without prejudice.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an

---

[1] Plaintiff submitted with his complaint a form of unknown origin titled "Motion and Affidavit to Proceed In Forma Pauperis." (Dkt. # 1.) This is not adequate for an application to proceed IFP in this Court.

REPORT AND RECOMMENDATION - 1

abusive litigant, he is permitted to submit only three IFP applications and proposed actions each year in this Court. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). In addition, because Plaintiff has acquired more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he faced imminent danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Plaintiff may not proceed with this action. First, Plaintiff has not filed a proper IFP application. Regardless, Plaintiff has already submitted three IFP applications and proposed actions this year. *See, e.g.*, *Demos v. The Government Accountability Office*, C26-235-RAJ (W.D. Wash.); *Demos v. The Government Accountability Office*, C26-238-RSM (W.D. Wash.); *Demos v. The Blackstone Group*, C26-255-JCC (W.D. Wash.). This alone precludes Plaintiff from proceeding with this action.

In addition to already filing three proposed actions this year, Plaintiff has also failed to allege imminent harm or state a claim upon which relief can be granted. In the proposed complaint, Plaintiff alleges several companies committed fraud and engaged in other forms of malfeasance. (*See* dkt. # 1.) Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It is also patently frivolous, lacking a single factual allegation.

Accordingly, this Court recommends the proposed complaint (dkt. # 1) be dismissed and this case be closed. The Court further recommends that Plaintiff's recently filed "Motion to

REPORT AND RECOMMENDATION - 2

Correct a Clerical Error" (dkt. # 2) be denied as moot.[2] A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 5, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Benjamin H. Settle.

Dated this 12th day of February, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] Plaintiff argues in his motion that the Clerk erroneously omitted language from the dockets of several recently filed actions identifying him as the relator in a qui tam action and thereby changed the nature of his pleading. (*See* dkt. # 2 at 3.) However, for purposes of this case, the manner in which Plaintiff is identified on the docket in no way affects the appropriate disposition of the action. Thus, the Court need not substantively address Plaintiff's arguments.

REPORT AND RECOMMENDATION - 3