UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

               Plaintiff,

    v.

VALERO ENERGY CORP., et al.,

               Defendant.

CASE NO. C26-0395 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge Michelle Peterson's Report and Recommendation (R&R), recommending the Court deny pro se plaintiff John Demos's application to proceed *in forma pauperis*, Dkt. 1, and dismiss the case without prejudice and without leave to amend. Dkt. 3.

Demos is a serial, vexatious litigant, subject to a Bar Order in this District since 1992. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). Demos's most recent filing purports to be a "false claims complaint and qui tam action" brought on behalf of "the United States, the (13) original colonies, the London company, the Virginia company, the Confederation of the U.S., the Royal company, the democratic states of America, America, Washington D.C., and the U.S. Territory." Dkt. 1.

ORDER - 1

On behalf of these entities, Demos "accuses" Valero Energy and other companies of price gouging, collusion, racketeering, and list and similar conduct. The complaint is barely two pages long and includes no facts, no authority, and no claim for relief. It does not address the Bar Order or explain why it does not apply. Dkt. 1.

The R&R concludes that Demos has not complied with the terms of the 1992 Bar Order, and that he has already filed more than the three proposed complaints in this district this year. Dkt. 3 at 2. And, even if he had, his proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing", as is necessary to overcome the three-strikes bar of § 1915(g). *Id*. at 2 (citing *Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007)).

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit

ORDER - 2

to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Demos objects to the R&R, Dkt. 4, but he does not address any of the R&R's reasoning or conclusions. Instead, he asserts that the Magistrate Judge failed to inform him that the failure to object could be construed as a waiver of the right to appeal. Dkt. 4 at 2 (citing "950 F.2d 656").

Demos is not entitled to proceed *in forma pauperis*, and his proposed claim is both frivolous and subject to the 1992 Bar Order. The R&R is **ADOPTED**. Demos's application to proceed *in forma pauperis* is **DENIED**, and this matter is **DISMISSED** with prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

ORDER - 3

Dated this 3rd day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4